IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Royal International, LLC, | Case No.:25-cv-13069 |
| Plaintiff, | |
| v. | Judge: |
| MIYABALA-US, | |
| | Magistrate: |
| Defendant. | |

## COMPLAINT

Plaintiff Royal International, LLC hereby files this Complaint for, *inter alia*, trademark infringement, patent infringement, and related claims against Defendants, on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others:

### THE PARTIES

1. Royal International, LLC is a limited liability company organized and existing under the laws of Ohio and has place of business at 7900 Whipple Ave. N.W., North Canton, Ohio 44720. Plaintiff sells its products all over the world.

2. Defendant is a competitor who has intentionally and blatantly infringed upon Plaintiff's intellectual property; free rides on Plaintiff's innovation, marketing, popularity and brand recognition to siphon off sales; and, deceives the public by sowing confusion through use of Plaintiff's intellectual property.

3. Defendant conducts their illegal operations through fully interactive commercial websites hosted by Amazon.com ("Infringing Websites" or "Infringing Webstores"). Defendant targets consumers in the United States, including the State of Illinois, and has offered to

sell and, on information and belief, has sold and continues to sell counterfeit and/or infringing products that violate Plaintiff's intellectual property rights ("Counterfeit Products") to consumers within the United States, including the State of Illinois and the Northern District of Illinois. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

4. Through the operation of their Infringing Webstores, Defendant induces and engages in the sale of Counterfeit Product that copies Plaintiff's products and confuses prospective customers as to the source or origin of Defendant's products.

5. Upon information and belief, Defendant operates from China.

6. Defendant intentionally conceals its true identity and the full scope of its counterfeiting operations in an effort to deter Plaintiff from learning Defendant's true identity and the exact interworking of Defendant's illegal counterfeiting and infringing operations. The exact identity of the Defendant is presently unknown beyond what is listed in the self-created Amazon information page listing "Ningbo Yimeng import and export trade Co., Ltd" which itself is not listed in any official database and is similar to at least five other Chinese and Vietnamese companies.

7. Defendant markets a range of infringing products horse feed bags that feature Plaintiff's registered trade dress (U.S. Reg. No. 6,259,398) ("Royal Mark") and/or violate Plaintiff's registered design patent (US D742,078 S) ("'078 Patent") (Registration Certificates are attached as Exhibit 1) and otherwise present as copies of Plaintiff's authentic product.

## JURISDICTION AND VENUE

8. This is an action for patent infringement, trademark infringement, and unfair competition and false designation or origin arising under the Trademark Act of 1946, 15 U.S.C. §§

1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of Illinois.

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiff's claims for unlawful and deceptive acts and practices under the laws of the State of Illinois.

10. This Court has personal jurisdiction over Defendants in that they transact business in the State of Illinois and in the Northern District of Illinois.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants directly target business activities towards consumers in the State of Illinois.

### PLAINTIFF'S PATENT

12. Plaintiff is the lawful owner of the D'078 Patent. Plaintiff is the owner and assignee of all substantial rights, title and interest in the D'078 Patent, including the right to bring this action and enforce the Patent, and to collect damages for all relevant times.

### BACKGROUND FACTS

13. Plaintiff is engaged in the business of manufacturing, distributing, and retailing animal care

products throughout the world, including within the Northern District of Illinois District under the Royal Mark. Plaintiff's primary products are animal husbandry and care items. The Mark covers the nonfunctional trade dress of the feeding bags for horses. Defendants' sales of Counterfeit Products are in violation of Plaintiff's intellectual property rights and are irreparably damaging Plaintiff.

14. Plaintiff is the owner of all rights, title, and interest in and to, *inter alia*, the trade dress and design patent registrations attached as Exhibit 1.

15. The registrations are valid, subsisting, unrevoked, and uncancelled. The registration for the Royal Mark constitutes *prima facie* evidence of validity and of Plaintiff's exclusive right to use the Mark pursuant to 15 U.S.C. § 1057(b).

16. Plaintiff's Mark is widely recognized by the animal care product consuming public. As detailed below, Plaintiff has been using the Mark for many years in connection with the advertising and sale of animal feeding and care accessories and apparatuses ("Plaintiff's Product") in interstate commerce, including commerce in the State of Illinois and the Northern District of Illinois.

17. Plaintiff's Product, symbolized by the D'078 Patent, is a unique and original design.

18. Plaintiff's Products have been widely promoted, both in the United States and throughout the world. The whole of the consuming public recognizes Plaintiff's Products as originating with Plaintiff, but also recognizes that Plaintiff's Products sold in the United States originate exclusively from Plaintiff.

19. As of the date of this filing, Plaintiff's Products are sold throughout the nation including on third-party platforms.

20. Plaintiff maintains quality control standards for all of Plaintiff's products, including those

sold under the D'078 Patent.

21. Plaintiff's Products under the D'078 Patent and Royal Mark have generated significant revenue for Plaintiff over the years. Plaintiff's Products have become a symbol of excellence, and an expectation of quality uniquely associated with Plaintiff.

22. The D'078 Patent and Royal Mark have never been assigned or licensed to Defendant.

23. Further, Plaintiff has expended substantial time, money, and other resources developing, advertising, marketing, and otherwise promoting products covered by the D'078 Patent.

24. Upon information and belief, at all times relevant hereto, Defendant has had full knowledge of Plaintiff's ownership of the D'078 Patent and Royal Mark, including its exclusive right to use and license such intellectual property.

25. Recently, and for a while in the past, Plaintiff has identified products covered by the D'078 Patent on the Infringing Webstores and felt the impact of Counterfeit Products designed to resemble authorized retail Internet stores selling the genuine Asserted Product that Defendant had reproduced, displayed, and distributed without authorization or license from Plaintiff in violation of the D'078 Patent.

26. Defendant's use of the D'078 Patent on or in connection with the advertising, marketing, distribution, offering for sale, and sale of the Counterfeit Products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff. Side-by-side comparisons are included below for reference as to the Defendant's direct copying of the D'078 Patent.





27. Plaintiff maintains quality control standards for all of Plaintiff's Products. Genuine versions of Plaintiff's Products are distributed online via their own website, https://www.derbyoriginals.com/, as well as third party outlets such as Amazon.com.

28. The Royal Mark is a highly visible and distinctive worldwide symbol of excellence in quality and uniquely associated with Plaintiff and, as a result, Plaintiff's Products bearing the Mark have generated a substantial amount of revenue for Plaintiff over the years and the Mark has never been abandoned.

29. Further, Plaintiff has expended substantial time, money, and other resources developing, advertising, marketing, and otherwise promoting the products embodying the Royal Mark.

30. Defendant manufactured, imported, distributed, offered for sale, and sold Counterfeit Products using the Royal Mark and the D'078 Patent and, upon information and belief, continues to do so.

31. Defendant, without authorization or license from Plaintiff, knowingly and willfully used and continue to infringe upon Plaintiff's D'078 Patent and Royal Mark in connection with the advertisement, offer for sale, and sale of the Counterfeit Products, through, *inter alia*, the Internet, as illustrated in screenshot evidence of infringement as shown in Exhibit 2. The Counterfeit Products are not genuine products sold by Plaintiff. The Plaintiff did not manufacture, inspect, or package the Counterfeit Products and did not approve the Counterfeit Products for sale or distribution. Defendant's Infringing Webstore offers shipping to the United States, including Illinois, and, Defendant has sold infringing items to Illinois customers and shipped Counterfeit Products into the United States, including Illinois.

32. Defendant falsely advertises the sale of infringing Product through their Amazon

Webstores. Defendant's Infringing Webstore listings appear to unknowing consumers to be legitimate web stores and listings, authorized to sell genuine Plaintiff's Product.

33. Defendant also deceives unknowing consumers by using the Royal Mark without authorization within the images of the listings on Infringing Webstores in order to attract various image search engines crawling the Internet looking for websites relevant to consumer searches for Plaintiff's Product and in consumer product searches within the Webstores.

34. Upon information and belief, Defendant will continue to register or acquire listings for the purpose of selling Counterfeit Goods that infringe upon the Royal Mark and the D'078 Patent unless preliminarily and permanently enjoined.

35. Plaintiff has no adequate remedy at law.

## COUNT ONE
## FEDERAL TRADEMARK COUNTERFEITING AND INFRINGMENT
## (15 U.S.C. § 1114)

36. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

37. The Plaintiff's Royal Mark and the goodwill of the business associated with it in the United States and throughout the world are of great and incalculable value. The Royal Mark is highly distinctive and has become universally associated in the animal husbandry public's mind with Plaintiff's Product. Consumers associate the Plaintiff's Royal Mark with the Plaintiff as the source of the very highest quality products for their animal care products.

38. Without the Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Plaintiff's Royal Mark and the fact that Defendant's Counterfeit Products are sold using a mark identical or confusingly similar to the Plaintiff's

Royal Mark, the Defendant has manufactured, distributed, offered for sale and/or sold the Counterfeit Products to the consuming public in direct competition with Plaintiff's sale of genuine Plaintiff's Product, in or affecting interstate commerce.

39. Defendant's use of copies or approximations of the Plaintiff's Marks in conjunction with Defendant's Counterfeit Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendant originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill, and sales.

40. The Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**COUNT TWO**
**PATENT INFRINGEMENT**
**(35 U.S.C. § 271)**

41. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

42. Plaintiff's D'078 Patent is valid and enforceable.

43. Defendant is making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Counterfeit Products that infringe directly and/or indirectly the ornamental design claimed in Plaintiff's D'078 Patent.

44. The Defendant, in violation of 35 U.S.C. § 271, has infringed and continues to infringe the claims of the D'078 Patent, directly or indirectly, by making, using, offering to sell, selling, and/or importing the accused product identified in Exhibit 2 to the Complaint in the United

States.

45. The Defendant, in violation of 35 U.S.C. § 271, has infringed and continue to infringe all claims of the D'078 Patent, either literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the accused products identified in Exhibit 2 to the Complaint in the United States.

46. The Defendant willfully and deliberately infringed the claims of the D'078 Patent. The Defendant's infringement of the D'078 Patent is obvious and notorious. The Defendant has no good faith basis that the Unauthorized Products do not infringe the D'078 Patent. The willful infringement, without regard to Plaintiff's patent rights, constitutes egregious and wanton conduct sufficient to establish willful infringement under 35 U.S.C. § 284.

47. By reason of the ongoing and continuous infringement of the D'078 Patent by the Defendant, Plaintiff is entitled to the entry of permanent injunction enjoining the Defendant from further infringing Plaintiff's patent rights, pursuant to 35 U.S.C. § 283.

48. Plaintiff has suffered, and is continuing to suffer, damages as the Defendants' infringement of the D'078 Patent, and Plaintiff is entitled to compensation, including Defendant's profits, and other monetary relief to the fullest extent allowed by law, including attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285, and 289.

### COUNT THREE
### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

49. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

50. The Counterfeit Products sold and offered for sale by Defendant are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such,

Defendants' use of the exact design, involving 2 inch hatch design on the sides of their animal feed bag product is likely to cause confusion to the general purchasing public.

51. By misappropriating and using the Plaintiff's Royal Mark, Defendant misrepresents and falsely describes to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

52. Defendant's unlawful, unauthorized, and unlicensed manufacture, distribution, offer for sale, and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by the Plaintiff, all to Defendant's profit and to the Plaintiff's great damage and injury.

53. Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant's use of the Plaintiff's Royal Mark, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

54. The Plaintiff has no adequate remedy at law and, if the Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

## COUNT FOUR
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES
## (815 ILCS 510)

55. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

56. The Counterfeit Products sold and offered for sale by Defendant are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendant's use is likely to cause confusion to the general purchasing public.

57. By misappropriating and using the Plaintiff's Marks, Defendant misrepresents and falsely describes to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

58. Defendant's unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by the Plaintiff, all to the Defendant's profit and to the Plaintiff's great damage and injury.

59. Defendant's aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 et seq., in that Defendant's use of the Plaintiff's Marks, genuine product images and trade names, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

60. Plaintiff has no adequate remedy at law and, if the Defendant's activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendant and in favor of the Plaintiff on all counts as follows:

1. A judgment against Defendants as to infringement of the claims of the Asserted Patent;
2. Preliminary and permanent injunctions under 35 U.S.C. § 283, enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participation with them, from further acts of infringing, inducing infringement, and/or contributing to the infringement of Asserted Patent, including:

    a. shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, covered by the Asserted Patent or any reproductions, counterfeit copies, or colorable imitations thereof;

    b. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products;

    c. operating and/or hosting websites at the Infringing Webstores and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product covered by the Asserted Patent or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold; and

    d. possessing any product covered by the Asserted Patent or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Asserted Patent. As part of compliance with this provision, we ask that Defendants or those who possess Defendants' infringing goods, segregate and destroy infringing goods;

3. An award of damages for Defendants' infringement of the Asserted Patent in an amount to be determined at trial as provided under 35 U.S.C. § 284, including enhanced damages due to, for example, Defendants' willful infringement of the Asserted Patent;

4. An award of pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

5. A finding that this case is an exceptional case under 35 U.S.C. § 285;

6. An award of reasonable attorneys' fees and costs incurred in connection with this action;

7. That Defendants, within ten days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff's a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court;

8. Entry of an order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, Webstore hosts or their administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of Counterfeit Products under the Asserted Patent; and

9. That Defendant, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

    (i) using the Plaintiff's Marks or any reproduction, counterfeit, copy or colorable imitation of the Plaintiff's Marks in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of the Plaintiff; and

    (ii) passing off, inducing or enabling others to sell or pass off any Counterfeit Products as genuine products made and/or sold by the Plaintiff; and

    (iii) committing any acts calculated to cause consumers to believe that Defendants'

        Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

(iv)    further infringing the Plaintiff's Marks and damaging Plaintiff's goodwill;

(v)    competing unfairly with Plaintiff in any manner;

(vi)    shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the Marks or any reproductions, counterfeit copies, or colorable imitations thereof;

(vii)    using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products;

(viii)    operating and/or hosting websites at the Infringing Webstores and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's Marks or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Marks; and,

(ix)    registering any additional domain names that use or incorporate any of the Plaintiff's Marks; and

10. That Defendants, their affiliates, officers, agents, servants, employees, attorneys,

confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

(i) the distribution, advertising, offer for sale and/or sale of any product that is not a genuine Plaintiff Product or is not authorized by Plaintiff to be sold in connection with the Plaintiff's Marks; and

(ii) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and protected by the Plaintiff's Marks or any reproductions, counterfeit copies, or colorable imitations thereof.

(iii) possessing any product bearing the Plaintiff's Marks or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Marks. As part of compliance with this provision, we ask that Defendants or those who possess Defendants' infringing goods, segregate and destroy infringing goods; and,

11. That Defendants, within ten days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff's a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court.

12. Entry of an order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, Webstore hosts or their administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of Counterfeit Products using the

Plaintiff's Marks;

13. That Defendants account for and pay over to Plaintiff any and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Marks be increased by a sum not exceeding three times the amount thereof as provided by law as provided by 15 U.S.C. § 1117;

14. In the alternative, that Plaintiff be awarded statutory damages of One Hundred Thousand United States Dollars and No Cents ($100,000.00) for each and every use of the Plaintiff's Marks counterfeited by each Defendant.

15. That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

16. Grant Plaintiff such other and further legal relief as may be just and proper.

Respectfully Submitted,

Dated: October 27, 2025

By: <u>          /s/ Rishi Nair          </u>

Rishi Nair
ARDC # 6305871
Keener and Associates, P.C.
33 N. Dearborn Street, Suite 1000
Chicago, IL 60602
(312) 375-1573
rishi.nair@keenerlegal.com